JAMES TALCOTT, Respondent, v. ISIDOR ROSENTHAL, Appellant.

*Preferential assignment— when it cannot be treated as a fraudulent disposition of the debtor's property.*

A preferential assignment cannot be treated as a fraudulent disposition of the debtor's property, merely because, shortly before its execution, he purchased goods upon a credit which had not expired at the time of the assignment, for which goods he had no reasonable hope of being able to pay.

APPEAL from an order made at Special Term, denying the defendant's motion to vacate an attachment granted herein.

*A. Cardozo*, for the appellant.

*H. F. Hatch*, for the respondent.

BARRETT, J. :

Stripping the plaintiff's affidavits of the charges and conclusions with which they abound, also of mere hearsay, we find the following facts : Between the 28th of last July and the 1st of the following September, the defendant purchased goods from the plaintiff to the amount of $2,265.79, upon a credit of sixty days. Nine days after the last purchase, the defendant made a preferential assignment. The preferences aggregated $43,157.38. The day after the assignment was made, Mr. Trowbridge, a gentleman in the plaintiff's employment, went to the defendant's store. There he found the assignee. The defendant was not present, and the assignee stated that he did not know where he was. Mr. Trowbridge discovered but one case of the goods which had been purchased from the plaintiff. The stock in the assignee's hands was slight—not, in Mr. Trowbridge's opinion, exceeding $20,000 in value. On the same day the plaintiff's bookkeeper applied to the assignee for permission to inspect the books, but this was refused, and the assignee declined to give him any information.

These facts do not furnish sufficient evidence of a fraudulent disposition of property. The assignment is attacked, but the genuineness of the preferences is not impugned. There is hardly enough

to go to a jury upon the question of fraud in obtaining the goods. But even if the goods were purchased with intent not to pay for them, it does not necessarily follow that the assignment was made with the design of defrauding creditors. Fraud in the purchase would undoubtedly color the subsequent acts. The connection might even be so close and well defined as to indicate a fraudulent purpose throughout; in effect, that the disposition was but the culmination of the scheme which originated in the purchase. But we can lay down no such general rule as that every preferential assignment is to be treated as a fraudulent disposition of the debtor's property, merely because, shortly before its execution, he purchased goods for which he had no reasonable hope of paying. That is this case upon the evidence now before the court. It follows that the order should be reversed, with $10 costs, and the disbursements of the appeal, and the attachment vacated.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with $10 costs, and disbursements.